IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>VS.<br><br>**JEREMIAH CAMPBELL, III,**<br><br>**Defendant** | **NO. 5: 10-CR-50 (CAR)**<br><br>VIOLATION:   Bank Robbery |

## ORDER OF DETENTION

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. Defendant JEREMIAH CAMPBELL, III was represented by Ms. Cynthia Roseberry, the Federal Defender; the United States was represented by Assistant U. S. Attorney Harry J. Fox, Jr.  Based upon the evidence proffered to the court on behalf of the parties, as well as the Pretrial Service Report of the U. S. Probation Office dated August 10, 2010, and noting that the defendant did not contest pretrial detention, I conclude that the following facts require his detention pending the trial of this case.

### PART I - FINDINGS OF FACT

☐  (1)  There is PROBABLE CAUSE to believe that the defendant has committed an offense

   ☐  for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

   ☐  under 18 U.S.C. §924(c).

☐  (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒  (1)  There is a serious risk that the defendant will not appear.

☒  (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

**Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the aforementioned Pretrial Services Report, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the defendant's future appearance in court and the safety of the community were he to be released from custody. Defendant Campbell has spent most of his life in the Middle District of Georgia. The offense charged against him is a serious one for which long-term incarceration can be expected in the event of conviction. His estimated sentencing guideline range is 57 months to 71 months. The weight of evidence appears to be strong: on June 17, 2010, defendant Campbell robbed the Bank of America branch located at 487 Cherry Street in downtown Macon, Georgia.  During the course of the robbery, he threatened to shoot the bank teller if he did not comply with his demand for cash.  Through the assistance of a confidential informant, defendant Campbell was apprehended without incident at the Skyline Motel in Jones County, Georgia.  He subsequently gave a confession, admitting to the robbery.**

The defendant has a record of arrests and convictions going back to 1992 when he was charged with Forgery in the U. S. District Court for the Southern District of California; this case was disposed of through pretrial diversion. In 1997, defendant Campbell entered a plea of nolo contendere in Pensacola, Florida to the offense of ROBBERY WITH A DEADLY WEAPON. In 2007, he was convicted of SIMPLE ASSAULT (a misdemeanor) in the State Court of Cobb County, Georgia. Defendant Campbell has a record of several charges of FAILURE TO APPEAR in misdemeanor cases in Cobb County and in East Point, Georgia. Significantly, he has a record of probation violations in misdemeanor cases, two of which in the State Court of Cobb County resulted in revocations in 2004 and 2008. The defendant has been living recently with his sister and brother-in-law in Macon, Georgia; however, his brother-in-law has indicated that they will not be able to assist him in making a bond in this case and that he would not be welcome back in their residence should he be released from custody.

For the foregoing reasons, pretrial detention is mandated. IT IS SO ORDERED.

## PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 18th day of AUGUST, 2010.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE